# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HELDT,<br><br>                     Plaintiff,<br><br>   v.<br><br>GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>                    Defendant. | Case No. 16-cv-00885-BAS-NLS<br><br>**ORDER REGARDING SUBJECT MATTER JURISDICTION** |

This action arises out of Defendant Guardian Life Insurance Company of America allegedly disclosing Plaintiff James Heldt's confidential medical information without his consent. Previously, the Court exercised jurisdiction over this case because it determined Plaintiff's claim for breach of an employee benefit plan was completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 24.) The Court also dismissed this claim with leave to amend. (*Id.*) Plaintiff then filed a First Amended Complaint, but he declined to amend his breach of contract claim or plead a claim under ERISA. (*See* ECF No. 25.) Rather, Plaintiff's amended pleading eliminates the breach of contract claim that provided a basis for federal question jurisdiction under ERISA's complete preemption doctrine. (*See id.*) Consequently, the Court ordered the parties to show cause as to why it should not remand Plaintiff's remaining claims to state court. (ECF No. 29.) As

explained below, the Court concludes it lacks the ability to remand these claims and therefore orders Defendant to respond to Plaintiff's amended pleading.

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This remand provision, however, does not require the court to remand state law claims if the basis for federal jurisdiction is eliminated before trial following removal. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) ("Where removal was proper, but the federal question claim is defeated on the merits, the district court nevertheless may in its discretion retain supplemental jurisdiction over the state law claims."), *amended at* 350 F3d 916. Rather, the court has "discretion either to retain jurisdiction to adjudicate the [supplemental] state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *accord Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

That said, the court does not have discretion to remand state law claims if there is an independent basis for subject matter jurisdiction over the claims—such as diversity jurisdiction. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (per curiam); *see also, e.g.*, *Ramirez v. Bank of Am. Corp.*, No. CV 09-07788 DDP SSX, 2009 WL 5184480, at *1 (C.D. Cal. Dec. 22, 2009); Charles Alan Wright et al., Federal Practice and Procedure § 3739 (4th ed. 2017) ("Nevertheless, the exercise of jurisdiction over claims supported by an independent basis of federal subject-matter jurisdiction in removed cases ordinarily is mandatory, so that discretionary remand of such claims ordinarily is prohibited."). Further, after "a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams*, 471 F.3d at 977. In addition, "post-removal pleadings must be treated just

as they would be in a case originally filed in federal court." *Id.* Thus, if an amended pleading in a properly removed case presents "an independent jurisdictional basis for the state law claims," the district court has "no discretion to remand these claims to state court." *Id.*

In this case, Defendant argues for the first time in its response to the Court's order to show cause that diversity jurisdiction provides an independent basis for subject matter jurisdiction over Plaintiff's remaining state law claims. (ECF No. 30.) To support this position, Defendant provides a stipulation between the parties that "the amount in controversy" in this case "exceeds the sum or value of $75,000." (ECF No. 30-2.)[1] Defendant also submits that it is incorporated in the State of New York, and the company's principal place of business is also in New York because that is where Defendant's "senior management . . . direct, control, and coordinate" its activities. (Mineo Decl. ¶ 1, ECF No. 30-3.)

The Court agrees that diversity provides a basis for jurisdiction over Plaintiff's remaining state law claims in his First Amended Complaint. The issue before the Court is not whether jurisdiction existed at the time of removal—the Court already concluded removal was proper based on complete preemption under ERISA. Rather, now that Plaintiff has filed an amended pleading and has eliminated the claim that served as a basis for federal question jurisdiction, the Court must determine whether an independent basis for jurisdiction over Plaintiff's remaining claims currently exists. *See Williams*, 471 F.3d at 977 ("Any post-removal pleadings must be treated just as they would be in a case originally filed in federal court."). It does. The parties agree that the amount in controversy exceeds $75,000, and there is complete diversity of citizenship because Plaintiff is a citizen of California and Defendant is only a

---

[1] Defendant also includes with its response a settlement communication from Plaintiff's counsel indicating Plaintiff believes the amount in controversy significantly exceeds $75,000. (*See* Nalty Decl. ¶ 1, Ex. A, ECF No. 30-6.)

citizen of New York. (*See* Mineo Decl. ¶ 1; First Am. Compl. ¶¶ 1–2.) Thus, the requirements for diversity jurisdiction are satisfied. *See* 28 U.S.C. § 1332(a); *see also, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Because the Court has diversity jurisdiction over the state law claims asserted in Plaintiff's First Amended Complaint, the Court has "no discretion" to decline to exercise jurisdiction over and "remand these claims to state court." *See Williams*, 471 F.3d at 977.

Further, Plaintiff's objection to Defendant's response to the Court's order to show cause does not change this outcome. Plaintiff argues Defendant's response improperly raises "issues already decided by the Court," given that the Court previously forecast that it would remand Plaintiff's remaining state law claims if he filed a pleading that did not raise a federal issue. (ECF No. 31.) The Court acknowledges this inconsistency. But the parties did not raise the issue of diversity jurisdiction in their prior motions regarding subject matter jurisdiction, and the Court similarly did not examine the issue until it was considering remanding the claims presented in Plaintiff's First Amended Complaint. Recognizing that it may have diversity jurisdiction over Plaintiff's remaining claims, the Court issued an order to show cause in lieu of remanding Plaintiff's claims sua sponte. Now that diversity jurisdiction has been established, the Court "has a virtually unflagging obligation to exercise the jurisdiction conferred upon [it]." *See Williams*, 471 F.3d at 977 (internal quotation marks omitted). Accordingly, notwithstanding that the Court previously forecast otherwise, the Court will not remand the claims raised in Plaintiff's First Amended Complaint.

In light of the foregoing, the Court **ORDERS** Defendant to file a response to Plaintiff's First Amended Complaint no later than **June 12, 2017**.

**IT IS SO ORDERED.**

**DATED:  June 5, 2017**

Hon. Cynthia Bashant
United States District Judge