# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HELDT, <br><br> Plaintiff, <br><br> v. <br><br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Case No. 16-cv-00885-BAS-NLS <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> **[ECF No. 33]** |

Plaintiff James Heldt filed his First Amended Complaint ("FAC") alleging (1) a violation of California's Confidentiality of Medical Information Act ("CMIA"), Cal. Civ. Code §§ 56-56.37; (2) negligence; and (3) invasion of privacy. (FAC ¶¶ 22–49, ECF No. 25.) In response, Defendant The Guardian Life Insurance Company of America filed a motion to dismiss. (Mot., ECF No. 33.) Plaintiff opposes the Motion. (Opp'n, ECF No. 34.)

The Court finds Defendant's Motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

///

///

# I. BACKGROUND[1]

"Plaintiff obtained health care services through Defendant's health care service plan from on or about 2008." (FAC ¶ 24.) As part of a disability claim, Plaintiff alleges he submitted confidential information to Defendant, "including his name, personal information, social security number, age, address, and health information." (*Id.* ¶ 13.) Plaintiff claims he did not authorize Defendant to disclose his private medical information. (*Id.*)

"Defendant hired a private investigator to conduct a 1-2 day surveillance of Plaintiff." (FAC ¶ 16.) Defendant's file allegedly "contains a surveillance report and surveillance video purportedly of Plaintiff prepared in April 2015 by the private investigator hired by [Defendant]." (*Id.*) This report allegedly contains a description of Plaintiff's medical diagnosis and other medical information. (*Id.*)

Plaintiff alleges Shaunte W. Austin, a Disability Management Coordinator with Select Medical Corporation, contacted him. (FAC ¶¶ 8, 17.) Ms. Austin allegedly informed Plaintiff that Defendant had requested Select Medical perform a functional capacity evaluation on Plaintiff. (*Id.* ¶ 17.) Select Physical Therapy, a division of Select Medical Corporation located in San Diego, California, was to conduct the evaluation. (*Id.* ¶¶ 8, 17.) During the telephone call, Plaintiff claims Ms. Austin asked him "personal medical questions that [Ms. Austin] represented" were part of a questionnaire for the functional capacity evaluation. (*Id.* ¶ 17.) Additionally, he alleges Ms. Austin requested he "send confidential medical documentation as to his condition" to Select Medical. (*Id.*) Plaintiff alleges he requested an accommodation for the evaluation on account of his disability, and Ms. Austin represented that she was working with Defendant and had the authority to facilitate Plaintiff's request. (*Id.*) Plaintiff alleges he "had an expectation he was working with

---

[1] All facts are taken from the FAC. For this Motion, the Court assumes all facts alleged in the FAC are true. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

[Defendant] and was not revealing private information to a party with no duty to protect such information." (*Id.*)

Thereafter, Ms. Austin allegedly forwarded two emails from Plaintiff to one of Defendant's employees, Kimberly Stauder, "a Vocational Rehabilitation Specialist on the Professional Resources Team in the Group Life, Absence, and Disability Management Solutions Department for Defendant." (FAC ¶¶ 7, 18.) Ms. Stauder allegedly forwarded the emails to two employees, Michael Corcoran and Chad Heffelfinger. (*Id.* ¶ 18.) Plaintiff asserts the emails "contain[ed] medical information and a discussion of a phone call from Ms. Austin to Plaintiff during which medical information was requested." (*Id.*)

In addition, Plaintiff alleges one of Defendant's employees sent Select Physical Therapy the aforementioned surveillance report on Plaintiff. (FAC ¶ 19.) The report "contain[ed] a diagnosis description and other medical information." (*Id.*) Plaintiff also alleges he is not the "individual in the surveillance video." (*Id.*)

Plaintiff alleges he "reported to Defendant the unauthorized release of Plaintiff's confidential medical and personal information to [Ms. Austin] and Select Physical Therapy." (FAC ¶ 20.) Plaintiff contends "Defendant did nothing" in response to Plaintiff's report. (*Id.*) Following Plaintiff's report of the unauthorized release, Plaintiff alleges "Defendant wrongfully terminated Plaintiff's policy" instead of conducting an investigation. (*Id.* ¶ 21.)

Based on the foregoing, Plaintiff brings claims against Defendant for (1) violation of the CMIA; (2) negligence; and (3) invasion of privacy. (FAC ¶¶ 22–49.)

Defendant moves to dismiss Plaintiff's first and second causes of action for violation of the CMIA and negligence. (Mot. 1:2–5.) First, Defendant argues Plaintiff's CMIA claim is defective because the CMIA does not apply to insurance companies. (*Id.* 3–6.) Second, Defendant argues Plaintiff's negligence claim fails because Defendant does not owe Plaintiff a duty of care and this claim is conflict preempted by ERISA. (*Id.* 7.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the non-moving party. *Cahill*, 80 F.3d at 337–38. To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

//
//
//
//

## III. DISCUSSION

### A. California's Confidentiality of Medical Information Act

Defendant moves to dismiss Plaintiff's first claim on the grounds that the CMIA does not apply to it because Defendant is an insurance company. (Mot. 1:6–8.) Plaintiff argues that the CMIA applies because Defendant provided him with a health care service plan. (Opp'n 5:14–16.)

The CMIA prohibits health care providers, health care service plans, and contractors from disclosing confidential medical information without authorization. Cal. Civ. Code § 56.10. A health care provider "does not include insurance institutions as defined in subdivision (k) of Section 791.02 of the Insurance Code." *Id.* § 56.05(m). A health care service plan is "any entity regulated pursuant to the Knox-Keene Health Care Service Plan Act of 1975." *Id.* § 56.05(g). The definition of an insurance institution explicitly excludes health care service plans governed by the Knox-Keene Act. Cal. Ins. Code. § 791.02(k) (explaining that an insurance institution "shall not include agents, insurance-support organizations, or health care service plans regulated pursuant to the Knox-Keene Health Care Service Plan Act").

Based on the above definitions, Defendant argues that Plaintiff makes "bogus contention[s]" and "adventures into fiction" in his claim that Defendant provided him with a health care service plan. (Reply 4:12–14, 20; *see also* Mot. 4:25–5:4.) The Court acknowledges Defendant's argument that by definition the CMIA may not encompass an insurance institution in this context. However, the Court is not convinced that this issue can be resolved at the motion to dismiss phase in light of Plaintiff's allegations.

Plaintiff's FAC contains factual allegations to support his argument that the CMIA applies to Defendant. (Opp'n 5:19–20.) For example, Plaintiff alleges that he "obtained health care services through Defendant's health care service plan from on or about 2008," (FAC ¶ 24), and that Plaintiff "was a patient who obtained health care services provided by Defendant," (*id.* ¶ 23). Thus, Plaintiff argues Defendant

falls under the CMIA because it "offered plans which arrange for the provision of health care services . . . . [including] Dental and Vision options, which meet the qualifications for basic health care services." (Opp'n 5:14–18.)

Because the Court must accept all allegations as true at the motion to dismiss phase, the Court finds that Plaintiff has alleged sufficient facts to invoke the CMIA. If Defendant believes it can establish that Plaintiff's allegations are "fiction," then Defendant's solution is to challenge Plaintiff's allegations with a motion for summary judgment or at trial. Accordingly, the Court denies Defendant's Motion to Dismiss Plaintiff's CMIA claim.

### B. <u>Negligence</u>

Defendant makes two arguments for dismissal of Plaintiff's negligence claim. First, Defendant argues it does not owe a duty of care to Plaintiff. Second, in the event that Defendant does owe a duty of care to Plaintiff, Defendant argues Plaintiff's claim is conflict preempted by ERISA.

#### 1. Duty of Reasonable Care

Plaintiff alleges Defendant was negligent in safeguarding his private medical information. (FAC ¶¶ 35–42.) Plaintiff accordingly argues Defendant owed him an independent duty to exercise due care. (Opp'n 8:26–27.) Defendant disagrees, arguing that there is no legal duty for Plaintiff to base his claim upon as a matter of law. (Mot. 7:1–28.)

In order to state a claim for negligence, the plaintiff must allege that: (1) the defendant owed him a duty to exercise due care; (2) defendant breached that duty; (3) causation; and (4) damages. *See Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001). The duty of care "may be imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993) (citation omitted). "All persons are required to use ordinary care to prevent others [from] being injured as the result of their conduct." *Rowland*

*v. Christian*, 69 Cal. 2d 108, 112 (1968), *superseded by statute on other grounds as stated in Calvillo-Silva v. Home Grocery*, 19 Cal. 4th 714, 722 (1998) (citations omitted). Courts rely on the following factors to determine whether a party owes another a duty of reasonable care:

> [T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Id.* at 113 (citations omitted). These factors may be used to establish a defendant's duty to protect private information. *See Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 WL 9280242, at *2–3 (N.D. Cal. Sept. 14, 2016) (stating "the *Rowland* factors compel the conclusion [the defendant] was duty-bound to take reasonable steps to protect all personal identifying information it obtained from its employees").

Applying the *Rowland* factors, the Court finds that Plaintiff has stated sufficient facts to establish a plausible claim that Defendant owed him a duty of reasonable care to safeguard Plaintiff's private medical information.[2] It is both foreseeable and certain that Plaintiff would suffer harm as a result of Defendant allegedly disseminating his private medical information. Furthermore, Plaintiff alleges Defendant was responsible for the dissemination of his private medical information. Assuming it is true that Defendant released Plaintiff's medical information without his consent, there is a close enough connection between Defendant's conduct and Plaintiff's injury. Thus, at this stage, it is plausible that

---

[2] Because Plaintiff has alleged sufficient facts to establish a duty of care under the *Rowland* factors, the Court does not address Plaintiff's competing theory establishing a duty of care through a contractual relationship. The Court also does not address the possibility of negligence per se via a statutory duty found in the CMIA.

Plaintiff can prove a duty of care under the *Rowland* factors, but the Court acknowledges that at a later stage, further facts may reveal the *Rowland* factors are not satisfied and Defendant owed Plaintiff no duty of care.[3]

### 2. Conflict Preemption

Having found Plaintiff has stated a plausible claim that Defendant owed him a duty to exercise reasonable care in handling Plaintiff's private medical information, the Court addresses conflict preemption of Plaintiff's claim. *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 949 (9th Cir. 2014). Conflict preemption under ERISA arises from section 514(a) of the statute. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944–45. This provision is "one of the broadest preemption clauses ever enacted by Congress." *Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994). It provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "The Supreme Court has criticized the 'unhelpful text' of this ERISA preemption provision," *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081 (9th Cir. 2009) (quoting *Cal. Div. of Labor Standards*

---

[3] To demonstrate Plaintiff's negligence claim fails, Defendant requests the Court take judicial notice of authorizations that (i) Plaintiff purportedly signed and (ii) allowed Defendant to release his medical information. (Request for Judicial Notice Ex. C, ECF No. 33-2.) Although these authorizations may be key to disproving Plaintiff's claim, the Court is unpersuaded by Defendant's argument that it may consider them on a motion to dismiss. Defendant argues judicial notice of these authorizations is proper because "their validity cannot be disputed." However, that is not the complete standard. Under Federal Rule of Evidence 201, the Court may take judicial notice of facts not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Defendant does not explain why its records of authorization forms between private parties is a source "whose accuracy cannot reasonably be questioned." *See id.* Hence, the Court denies this request.

The more appropriate mechanism to apply to Defendant's request is the doctrine of incorporation by reference, which has been adapted to this context. "Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the 'complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). Plaintiff's FAC does not mention or refer to the authorizations Defendant seeks to rely upon. Thus, even under this doctrine, the Court concludes considering Plaintiff's authorizations at the motion to dismiss phase is not warranted.

*Enf't v. Dillingham Constr., N.A.*, 519 U.S. 316, 324 (1997)), and the Ninth Circuit has "similarly remarked that the 'relate to' language has been the source of great confusion and multiple and slightly differing analyses," *id.* (citing *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 819 (9th Cir. 2001), *abrogated on other grounds by Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102 (9th Cir. 2011)). That said, "the Supreme Court has instructed that a law relates to an employee benefit plan if it has either a 'connection with' or 'reference to' such a plan. This is a two-part inquiry." *Id.* at 1081–82 (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990); *Dillingham Constr.*, 519 U.S. at 324).

### a. Reference to an ERISA Plan

The first part of this inquiry is whether the state law has a "reference to" an employee benefit plan. *Paulsen*, 559 F.3d at 1082. "To determine whether a law has a forbidden 'reference to' ERISA plans," the court considers "whether (1) the law 'acts immediately and exclusively upon ERISA plans,' or (2) 'the existence of ERISA plans is essential to the law's operation.'" *Id.* (quoting *Golden Gate Rest. Ass'n v. City & Cty. of S.F.*, 546 F.3d 639, 657 (9th Cir. 2008)).

Plaintiff's claim does not satisfy this first option for conflict preemption because it is not based on a state law that references an ERISA plan. California tort law does not "act[] immediately and exclusively upon ERISA plans." *See Dillingham*, 519 U.S. at 325. Furthermore, it is not essential to California tort law that an ERISA plan exist. *See, e.g.*, *Abraham*, 265 F.3d at 820 (holding the "reference to" prong of the first inquiry does not preempt a state negligence claim because the "state law certainly does not act immediately and exclusively on an ERISA plan, nor is such a plan essential to the operation of the law"). Therefore, Plaintiff's negligence claim does not have a "reference to" an employee benefit plan. *See Paulsen*, 559 F.3d at 1082.

//

//

### b. Connection with an ERISA Plan

The second part of this inquiry is whether the state law has a "connection with" an employee benefit plan. *Paulsen*, 559 F.3d at 1082. "[T]o determine whether a state law has the forbidden connection," the court examines both "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans." *Id.* (quoting *Dillingham*, 519 U.S. at 325). The Ninth Circuit has "employed a 'relationship test' in analyzing 'connection with' preemption, under which a state law claim is preempted when the claim bears on an ERISA-regulated relationship, *e.g.*, the relationship between plan and plan member, between plan and employer, [or] between employer and employee." *Id.* (quoting *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004)). In *Paulsen*, the Ninth Circuit held employees' state law claims are not preempted by ERISA when "the duty giving rise to the negligence claim runs from . . . a non-fiduciary service provider." 559 F.3d at 1083. In comparison, in *General American Life Insurance Co. v. Castonguay*, the Ninth Circuit held a state law claim was preempted by ERISA because it arose out of a relationship ERISA regulates. 984 F.2d 1518, 1522 (9th Cir. 1993).

Here, Plaintiff's claim touches upon the relationship that arises between a plan administrator and a plan member, which is no doubt based on an employee benefit plan. *Paulsen*, 559 F.3d at 1082. Additionally, the relationship between the fiduciary of the plan and the plan member is regulated by ERISA. ERISA gives plan fiduciaries:

> authority to control and manage the plan, 29 U.S.C. § 1102, imposes on them a fiduciary duty to the plan's beneficiaries, 29 U.S.C. § 1104, demands that they avoid certain conflicts of interest, 29 U.S.C. §§ 1106–1107, and makes them personally liable to the plan for breach of fiduciary duty, 29 U.S.C. § 1109.

*Gen. Am.*, 984 F.2d at 1522.

However, "[t]he fact that the conduct at issue allegedly occurred 'in the course of [] administration of the plan' does not create a relationship sufficient to warrant preemption." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 984 (9th Cir. 2001). "[P]re-emption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability." *Id.* (citing *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 661 (1995)). This is because "the objective of Congress in crafting Section 1144(a) was not to provide ERISA administrators with blanket immunity from garden variety torts which only peripherally impact daily plan administration." *Id.*

Constrained to the factual allegations contained in Plaintiff's FAC, the Court cannot conclude that Defendant's conflict preemption defense applies as a matter of law based on a "connection with" an ERISA plan. As in *Dishman*, preempting Plaintiff's negligence claim based on only the allegations in the FAC would grant Defendant "immunity from garden variety torts which only peripherally impact daily plan administration." *See* 269 F.3d at 984. Plaintiff is not seeking plan benefits or damages resulting from Defendant's denial of benefits through the negligence claim. Rather, Plaintiff is seeking damages related to the alleged release of his private medical information, independent of the ERISA plan that Defendant issued to Plaintiff. *See id.* at 983 (explaining ERISA preemption is less likely when a "tort claim does not depend on or derive from [a] claim for benefits in any meaningful way" and a Plaintiff is "not seeking to obtain through a tort remedy that which he could not obtain through ERISA"). At a later stage, Defendant may establish its conflict preemption defense by introducing facts that demonstrate an impermissible "connection with" an ERISA plan. But any such facts are not before the Court on this Motion, and the Court therefore concludes Plaintiff's allegations do not show his claim is conflict preempted as a matter of law.

In sum, the Court is unconvinced by Defendant's two grounds for seeking dismissal of Plaintiff's negligence claim. Plaintiff states sufficient facts to allege Defendant owed him a duty of care. Further, Plaintiff's allegations do not establish Defendant's conflict preemption defense applies. Thus, the Court denies Defendant's request to dismiss Plaintiff's negligence claim.

# IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss (ECF No. 33) Plaintiff's claims for (i) violation of California's Confidentiality of Medical Information Act and (ii) negligence.

**IT IS SO ORDERED.**

**DATED: November 8, 2017**

Hon. Cynthia Bashant
United States District Judge